UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AVERY MCKNIGHT,

      Plaintiff,

v.                                                  CASE NO.  3:16-cv-990-J-34JBT

STATE OF FLORIDA, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Motion be **DENIED** and the case be **DISMISSED without prejudice**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.     Background**

On August 3, 2016, Plaintiff, a civilly committed patient at Northeast Florida State Hospital ("NFSH"), filed the Motion along with a 55-page handwritten Complaint which purported to bring 12 claims against 14 defendants, including the State of Florida, the Department of Children and Families ("DCF"), a Public Defender, and numerous other individuals.  (Doc. 1.)  The Court previously took the Motion under advisement and directed Plaintiff to file an amended complaint that cured the deficiencies addressed in that Order.  (Doc. 6.)  Regarding Plaintiff's Complaint, the Court stated in part:

> The more than fifty page [handwritten] Complaint may be characterized as a shotgun pleading that is disjointed, disorganized, and incomprehensible.  The Complaint does not constitute a short and plain statement of the claim showing that the pleader is entitled to relief.  The Complaint raises twelve different claims against many different defendants and follows with a lengthy, incoherent, and scattershot statement of facts.  It is impossible to discern the alleged facts giving rise to any potential causes of action.

(*Id.* at 3.)  On October 20, 2016, Plaintiff filed an Amended Complaint (Doc. 9). However, as explained further herein, the undersigned recommends that the Amended Complaint suffers from the same defects as the initial Complaint.

**II.    Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security

therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).

A complaint must contain a short and plain statement of the claim showing that a plaintiff is entitled to relief, which means that Plaintiff must include a short and plain statement of facts in support of his claims. *See* Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In

addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.* A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a).

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III. Analysis

Plaintiff's Amended Complaint does not meet the above requirements because it is not a short and plain statement showing that Plaintiff is entitled to relief. Rather, like the initial Complaint, the Amended Complaint is a shotgun pleading that is disjointed, disorganized, and incomprehensible. Plaintiff has again

failed to articulate his purported claims with sufficient clarity to allow any Defendant to frame a responsive pleading.

The 38-page, single-spaced Amended Complaint names 16 defendants, including the State of Florida, DCF, a Public Defender, an Assistant Public Defender, and numerous individuals associated with DCF and NFSH.  (Doc. 9 at 1.)  Plaintiff now purports to bring 25 separate claims against these Defendants.  (*Id.* at 7–10.)  He seeks a judgment providing 17 declarations regarding the liability of Defendants, 10 categories of injunctive relief that include repealing and replacing certain Florida Statutes and Rules of Criminal Procedure, 11 categories of compensatory damages, and four categories of punitive damages.  (*Id.* at 34–37.)  Plaintiff's purported claims appear to be based on alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and sections 394.459 and 916.107, Florida Statutes.[2]  (*Id.* at 2.)  At bottom, it appears that Plaintiff is attempting to allege that his rights were violated based on his involuntary commitment following an adjudication of not guilty by reason of insanity in a state court criminal case, and based on his treatment while in the facilities at issue.  (*See id.* at 2–3, 7–10.)  However, as explained below, the undersigned recommends that Plaintiff has failed to sufficiently state any claim against any Defendant.

The Amended Complaint fails to tie specific facts to specific Defendants in support of specific claims as required.  In general, the first 10 pages of the

---

[2] These Florida Statutes are titled "Rights of Patients" and "Rights of Forensic Clients," respectively.

Amended Complaint set forth the 25 purported claims against the 16 Defendants in an entirely conclusory manner. (*See id.* at 1–10.) The purported claims do not allege or incorporate by reference any non-conclusory supporting facts. (*Id.* at 7–10.) The last five pages of the Amended Complaint request several different types of relief. (*Id.* at 34–38.) The 23 pages in between, titled "Statement of Facts," are divided into nine seemingly random sub-headings that do not appear to correlate with Plaintiff's claims. (*Id.* at 11–33.) Each heading is followed by a lengthy narrative of facts, many of which appear to be irrelevant to any of Plaintiff's claims. (*See id.*) Importantly, Plaintiff fails to tie any facts to the specific claims against specific Defendants set forth at the beginning of the Amended Complaint. (*See id.*) In short, even construing the Amended Complaint liberally, it is impossible to determine which facts, if any, may support which claims against which Defendants. Therefore, the undersigned recommends that Plaintiff has not sufficiently stated any claim against any Defendant.

Plaintiff was previously informed of the relevant pleading requirements, and was cautioned that his Complaint, which contained "a lengthy, incoherent, and scattershot statement of facts" that made it "impossible to discern the alleged facts giving rise to any potential causes of action," was insufficient. (Doc. 6 at 3.) The Amended Complaint suffers from the same defects. In fact, rather than simplifying and clarifying the claims as instructed, the Amended Complaint, which names more Defendants and attempts to bring over twice as many claims as the initial Complaint, may actually be more convoluted.

Plaintiff was previously warned that the Court "will not rewrite his Complaint, or any amended complaint, to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993)." (*Id.* at 4.) Further, Plaintiff was instructed that if he failed to file an amended complaint in compliance with the previous Order, "the undersigned may recommend that the District Judge deny the Motion and/or dismiss this action." (*Id.* at 5.) Therefore, the undersigned recommends that the Motion be denied and the case be dismissed without prejudice.[3]

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on November 16, 2016.

JOEL B. TOOMEY
United States Magistrate Judge

---

[3] It appears that any potential claims accrued on or after August 7, 2015, when Plaintiff was involuntarily committed. (Doc. 9 at 3.)

7

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff